# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ALTHERELLE ROBBINS,**
             Petitioner,

v.                                         Case No. 19-C-1733

**BRIAN FOSTER,**
             Respondent.

---

## DECISION AND ORDER

Altherelle Robbins, who is in the custody of the Wisconsin Department of Corrections, petitions for a writ of habeas corpus under 28 U.S.C. § 2254.

## I. BACKGROUND

In January 2015, after Robbins sold cocaine to an undercover informant, police officers obtained a warrant to search his home, which he shared with his girlfriend and her three children. When the police executed the warrant, they found a gun under the couch, a second gun on the floor in the room where Robbins was sleeping, and cocaine in Robbins's sweatshirt. Robbins was charged with six felonies: three counts of first-degree recklessly endangering safety, two counts of possession of a firearm by a felon, and one count of possession of cocaine with intent to deliver.

Because Robbins could not afford his own lawyer, the public defender's office appointed Attorney Donald Conner to represent him. Conner and the prosecutor negotiated a plea agreement under which the state would dismiss four counts (to be read in at sentencing) in exchange for Robbins's pleading guilty to one count of first-degree recklessly endangering safety and one count of possession of cocaine with

intent to deliver. The state also agreed not to charge Robbins with crimes stemming from his sale of cocaine to the informant.

The trial court accepted Robbins's guilty plea at a hearing on September 30, 2015. Attorney Conner asked that sentencing take place immediately after the plea. The trial court denied the request because it wanted a presentence investigation conducted. The court scheduled sentencing for December 7, 2015. However, because Robbins, who was in custody, was inadvertently not produced on December 7, the court rescheduled sentencing for February 12, 2016.

On January 22, 2016, Attorney Conner filed a motion to withdraw as counsel. In that motion, Conner stated that Robbins had accused him of lying about the terms of the plea agreement and of making promises that induced his plea. The court addressed this motion on what was scheduled to be the adjourned sentencing date, February 12, 2016. At the start of the hearing, Attorney Conner told the court that Robbins preferred that Conner not withdraw. However, Conner said that the state bar's ethics hotline had advised him that Robbins's accusations gave rise to a non-waivable conflict of interest. For that reason, Conner asked the court to have the public defender's office appoint a new attorney. *See* ECF No. 11-4 at 31–32. The court granted counsel's motion to withdraw based on his statement that he "checked with Ethics and that's their opinion on it." *Id.* at 33. The court adjourned sentencing to March 4, 2016, adding "I don't want to let this get too far out." *Id.*

After Conner withdrew, the public defender appointed Attorney Michael Barth to represent Robbins. Barth appeared at the March 4 sentencing and immediately requested a one-week adjournment. Barth said he needed the adjournment because he

2

had just been appointed the day before and hadn't yet conferred with Robbins. The trial court granted the request and adjourned sentencing to March 11, 2016.

At the beginning of the hearing on March 11, Attorney Barth asked for another adjournment. He explained that he needed more time to sort out an issue relating to the revocation of Robbins's probation and extended supervision in two prior cases. Apparently, there was some confusion over whether Robbins had been revoked for two years or for seven years.

The trial court denied Barth's request for an adjournment. The court recited the history of the case, noting that the sentencing hearing had already been adjourned several times. The court then said that if Barth needed an adjournment to resolve the uncertainty over whether Robbins had been revoked for two years or for seven, the court would simply assume that Robbins had been revoked for seven. ECF No. 11-4 at 39. The court believed that, in making such an assumption, it would be viewing the revocation in the light most favorable to Robbins. *Id.* at 39–40. The court explained that "if a person is in on a longer sentence, the tendency of judges is to give less time on a new case because they already know he's going to be in for seven whereas if he's in for two, they may want him in custody." *Id.* at 40.

The court heard arguments from counsel as to sentencing. Because of his guilty plea, Robbins faced a maximum sentence of 22.5 years in prison. The state recommended a total sentence of six years, composed of three years' initial confinement and three years' extended supervision. Defense counsel asked for the same sentence, but also asked that it be concurrent to any other sentence. The trial court imposed a total sentence of 16 years, consecutive to any other sentence. The

3

sentence was bifurcated into eight years' initial confinement and eight years' extended supervision.

In pronouncing the sentence, the court emphasized Robbins's failure to accept responsibility for his criminal acts, his long criminal history involving drugs and weapons, and his repeated failures in treatment and on supervision. While discussing Robbins's failure to accept responsibility, the court briefly referenced Attorney Conner's motion to withdraw. The court said:

> And what I'm always concerned about is that—and what I always am kind of dumbfounded by or confused by is when you enter pleas and then you deny that you did anything wrong, you know. You know, we get into the filing complaints on your attorneys and, you know, statements in here. Filing a complaint against an attorney isn't, you know, isn't a real consideration for me, but what I looked at is, you know, your attempt to manipulate the facts in this case. When I look at cases like this if you accept responsibility, you plead, you say, yeah, I did something wrong and I need to change, that's one thing. But you plead to it and then you say things—like here's your version of the incident.

ECF No. 11-4 at 44. The court then described Robbins's various attempts to evade responsibility for his crimes, including in his statements to police and his statements during the presentence investigation.

Following sentencing, Robbins filed a postconviction motion in which he argued that he was entitled to be resentenced by a different judge because the court had sentenced him based on information protected by the attorney-client privilege. The information at issue consisted of Attorney Conner's statements in his motion to withdraw about Robbins's having accused him of lying and of making promises to secure the plea agreement. Robbins argued that the court's reference during sentencing to his filing "complaints" on his attorneys showed that the court relied on the allegedly privileged information in arriving at the sentence.

4

The trial court denied the postconviction motion in a written opinion. *See* ECF No. 11-4 at 24–27. The court stated that it did not rely on the information in Conner's motion to withdraw when imposing the sentence. The court also noted that, during sentencing, the court had specifically stated that the information in the motion was not "a real consideration." *Id.* at 26.

Robbins appealed, raising two issues. First, he argued that when the trial court denied Attorney Barth's request for a sentencing adjournment, it violated his rights to due process and to the effective assistance of counsel. Second, he argued that the trial court improperly sentenced him based on information protected by the attorney-client privilege.

The Wisconsin Court of Appeals affirmed the conviction and sentence. As to the adjournment issue, the court noted that the reason Barth sought the adjournment was to clarify whether Robbins had been revoked for two years or for seven years. The court of appeals reasoned that because the trial court addressed that issue by assuming that Robbins had been revoked for seven years—an assumption the trial court believed was most favorable to Robbins—Robbins could not show that he had been prejudiced by the denial of the adjournment. As to the issue of sentencing based on privileged information, the court of appeals reasoned that because the trial court stated that it did not factor the information into its sentence, and because the record supported the trial court's statement, Robbins could not show that the trial court relied on an improper factor during sentencing.

Robbins filed a petition for review with the Wisconsin Supreme Court raising the same two issues that he raised in the court of appeals. The petition was denied.

5

In his federal habeas petition, Robbins raised the same two issues that he had exhausted in state court. However, in his briefs, he also alludes to a third issue: that the trial court denied him his Sixth Amendment right to counsel of his choice when it granted Attorney Conner's motion to withdraw. I address all three issues below.

## II. DISCUSSION

**A.     Improperly Granting Counsel's Motion to Withdraw**

I begin with Robbins's claim that the trial court denied him his Sixth Amendment right to counsel of his choice when it granted Attorney Conner's motion to withdraw. Robbins did not exhaust this claim in state court and likely has procedurally defaulted it, but because the claim clearly fails on the merits, I will dispose of it on that ground. *See, e.g., Carrion v. Butler*, 835 F.3d 764, 772 n.26 (7th Cir. 2016) (habeas court may dispose of claim on merits even when procedural issues lurk in background).

Robbins contends that because he wanted Attorney Conner to continue as his appointed counsel despite his non-waivable conflict of interest, the trial court, in granting the motion to withdraw, deprived him of his right to counsel of his choice. This claim fails on the merits for two reasons. First, because Robbins required appointed counsel, the right to counsel of his choice did not apply. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) ("the right to counsel of choice does not extend to defendants who require counsel to be appointed for them"). Second, even if the right did apply, it would not have entitled Robbins to be represented by an attorney with a non-waivable conflict of interest. *Id.* (defendant may not "demand that a court honor his waiver of conflict-free representation"). In the present case, Attorney Conner concluded that Robbins's allegations against him created a non-waivable conflict, and the trial court allowed him

6

to withdraw based on that conflict. Robbins has not attempted to show that either Conner's or the trial court's conclusion that a non-waivable conflict existed was erroneous. Accordingly, even if Robbins had a Sixth Amendment right to counsel of his choice, he was not deprived of that right.

## B. Refusal to Adjourn Sentencing

Robbins next contends that the trial court violated his rights to due process and to the effective assistance of counsel when it denied Attorney Barth's request to adjourn the sentencing hearing. The Wisconsin Court of Appeals adjudicated this claim on the merits, and therefore the deferential standard of review of the Antiterrorism and Effective Death Penalty Act of 1996 applies. Under that standard, a federal court may not grant habeas relief unless the petitioner shows that the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Here, the controlling law is *Morris v. Slappy*, which holds that "[n]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel." 461 U.S. 1, 11 (1983). Rather, "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Id.* at 11–12 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

7

In rejecting Robbins's claim that the trial court's refusal to adjourn the sentencing hearing was unconstitutional, the Wisconsin Court of Appeals did not render a decision that was contrary to, or an unreasonable application of, *Morris*. The reason Attorney Barth sought the adjournment was to resolve the issue surrounding the revocation of Robbins's probation and extended supervision. The trial court essentially rendered that issue moot by assuming for the sake of sentencing that Robbins had been revoked for seven years, which the trial court regarded as the assumption most favorable to Robbins. Robbins does not contend that the assumption was not favorable to him or that Attorney Barth would have made different sentencing arguments had he known for certain whether Robbins had been revoked for two years or for seven. Thus, by assuming that Robbins had been revoked for seven years, the trial court effectively provided Attorney Barth with the very relief he sought in requesting the adjournment. For this reason, the trial court could not be thought to have arbitrarily insisted on expeditiousness in the face of a justifiable request for delay. At the very least, the Wisconsin Court of Appeals's conclusion that the trial court's refusal to grant the adjournment was harmless was not contrary to, or an unreasonable application of, *Morris* or any other Supreme Court decision. Accordingly, Robbins is not entitled to habeas relief on this claim.

**C.     Considering Information Protected by the Attorney-Client Privilege**

Robbins's final argument is that the trial court deprived him of his federal right to due process by sentencing him based on information protected by the attorney-client privilege. The Wisconsin Court of Appeals adjudicated this claim on the merits, and therefore the AEDPA standard of review in 28 U.S.C. § 2254(d) applies.

8

Case 2:19-cv-01733-LA     Filed 07/22/20     Page 8 of 10     Document 19

Initially, I note that Robbins has not cited any Supreme Court case establishing that a defendant has a due-process right not to be sentenced based on information protected by the attorney-client privilege. Instead, he relies on cases holding that a defendant has a due-process right not to be sentenced based on inaccurate information. *See, e.g., United States v. Tucker*, 404 U.S. 443, 447 (1972). But Robbins does not contend that the privileged information on which the trial court allegedly relied was inaccurate. For this reason alone, Robbins has not shown that the court of appeals rendered a decision that was contrary to, or an unreasonable application of, any Supreme Court decision.

Even assuming that the Supreme Court had clearly established a right not to be sentenced based on information protected by the attorney-client privilege, Robbins would not be entitled to relief. In denying Robbins's postconviction motion on this issue, the trial court said that it did not rely on the information in Attorney Conner's motion to withdraw when arriving at the sentence. On direct appeal, the court of appeals concluded that the record supported the trial court's statement that it had not relied on the information. To the extent that the court of appeals's conclusion was a factual determination, that determination was not unreasonable within the meaning of 28 U.S.C. § 2254(d)(2). To the extent the conclusion was a legal determination, it was not contrary to, and did not involve an unreasonable application of, any Supreme Court decision. Although the trial court briefly mentioned Robbins's "complaint" against his attorney during sentencing, the court immediately clarified that the complaint was not a "real consideration" for purposes of sentencing. ECF No. 11-4 at 44. From this, the court of appeals could reasonably conclude that the trial court did not rely on the motion to

9

withdraw in arriving at its sentence. Accordingly, Robbins is not entitled to habeas relief on this claim.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that Robbins's petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge